**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:   BARAAH B. EL-HAIK,                                  Case No. 25-03956
                                                              Chapter 7
                    Debtor.                                   Hon. Deborah L. Thorne
_____/

AMERICAN EXPRESS NATIONAL BANK,

                    Plaintiff,                               Adv. Proc. No.  25 A _____

        v.

BARAAH B. EL-HAIK aka BARAAH EL HAIK,

                    Defendant.
_____/

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Plaintiff, American Express National Bank ("American Express"), by and through its counsel, hereby represents as follows:

1. The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. 157(a), (b)(1), (b)(2)(I) (core proceeding), 1334(b) and 11 U.S.C. 523(c).

2. In accordance with Fed. R. Bankr. P. 7008, American Express consents to the entry of final orders and judgments by this Court.

3. On March 14, 2025, the Defendant, Baraah B. El-Haik aka Baraah El Haik ("the Defendant") filed a Chapter 7 petition, commencing the above case.

4. American Express is the holder of a claim against the Defendant arising from American Express card account number xxxx-xxxxxx-x1004 ("Account 1").

5. Account 1 was opened by the Defendant on or around January 12, 2025. The Defendant provided "Elegant Brides" as the name of the business for Account 1.

6. The balance on Account 1 as of the date of the filing of the Chapter 7 petition was $9,146.03.

7. American Express is the holder of a claim against the Defendant arising from American Express card account number xxxx-xxxxxx-x1008 ("Account 2").

8. Account 2 was opened by the Defendant on or around March 28, 2023.

9. The balance on Account 2 as of the date of the filing of the Chapter 7 petition was $9,326.56.

10. The terms and conditions of the Account Agreement between Defendant and American Express calls for the payment of all costs, including reasonable attorneys' fees, expended by American Express in the collection of Account 1 and Account 2, which is hereby requested in the following count.

## **FIRST COUNT**

11. Paragraphs 1 through 10 are hereby repeated and incorporated as if fully set forth herein.

12. Between January 18, 2025 and January 29, 2025, the Defendant incurred six (6) charges totaling $8,999.79 on Account 1 for goods and services.

13. Of the charges referenced in Paragraph 12, one (1) charge in the amount of $8,128.00 was incurred at Gold City in Bridgeview, IL.

14. All of the transactions referenced in Paragraph 12 were incurred within ninety (90) days of the filing of the bankruptcy petition.

15. Prior to incurring the transactions referenced in Paragraph 12, Account 1 had a zero balance.

16. By using Account 1, the Defendant agreed to be bound by the terms and conditions of the Account Agreement.

17. The terms and conditions of the Account Agreement between the Defendant and American Express call for minimum payment of the charges due on Account 1 upon receipt of the monthly billing statement.

18. One (1) payment in the amount of $90.00 was submitted towards the transactions referenced in Paragraph 12 on February 10, 2025.

19. Account 1 incurred interest in the amount of $236.24.

20. Payments and credits are applied in accordance with the terms and conditions of the Account Agreement between American Express and the Defendant for Account 1.

21. Attached hereto as Exhibit "A" is the relevant portion of the account statements for Account 1 which reflect the charge activity alleged in this Complaint.

22. According to Schedule F of the Defendant's bankruptcy petition, she had $245,176.03 in unsecured, nonpriority debt, of which $153,171.03 appears to be credit/charge card debt.

23. According to Schedule I of the Defendant's bankruptcy petition, her current monthly net income totals $3,362.10.

24. According to Schedule J of the Defendant's bankruptcy petition, her current monthly expenses total $4,152.00; this figure does not include payment on any credit/charge card debt.

25. Therefore, based upon the figures disclosed in the Defendant's bankruptcy schedules, the Defendant was already unable to pay her living expenses and her credit/charge card debt when she made the charges on Account 1.

26. American Express asserts that, at the time the Defendant incurred the charges on Account 1, the Defendant's monthly expenses exceeded her monthly income by $789.90 and therefore, subjectively, the Defendant did not intend to honor her obligation to American Express to satisfy Account 1.

27. The Defendant used Account 1 for multiple charges on two (2) separate days.

28. Each and every time the Defendant incurred a charge or transaction on Account 1, she was making an implied representation to American Express of her intent to repay the debt pursuant to the terms of the Account Agreement.

29. However, American Express avers that the Defendant obtained the goods and services on Account 1 through representations which she either knew were false or which were made with such reckless disregard for the truth as to constitute willful misrepresentation.

30. When the Defendant obtained goods and services as identified on Exhibit "A," she knew or reasonably should have known of her inability to repay the debt such that she was aware of the falsity of her representations to American Express.

31. The Defendant is financially sophisticated as evidenced by the fact that she owns a home, owns a vehicle, pays vehicle insurance, and has maintained and used multiple credit/charge card accounts.

32. The Defendant obtained the goods and services on Account 1 through representations which she either knew to be false or were made with such reckless disregard for the truth as to constitute willful misrepresentations.

33. The Defendant made the misrepresentations with the intention and purpose of deceiving American Express so that American Express would extend credit that would enable her to charge goods and services on Account 1.

34. At the time of posting the above-referenced charges to Account 1, the Defendant was a cardmember in good standing with American Express, such that, American Express justifiably relied on her misrepresentations as to her intent to repay.

35. As the proximate result of extending credit based on the Defendant's misrepresentations, American Express has sustained loss and damage in the amount of $9,146.03 on Account 1.

36. The balance on Account 1 in the amount of $9,146.03 was incurred by the Defendant with knowledge of her inability to repay it.

37. The balance on Account 1 in the amount of $9,146.03 was incurred by the Defendant without the intent to repay it.

38. The balance on Account 1 in the amount of $9,146.03 was obtained through false pretenses, a false representation, or actual fraud by the Defendant.

39. For the reasons above, the balance on Account 1 in the amount of $9,146.03 is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

40. For the reasons above, the balance on Account 1 in the amount of $9,146.03 is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(C).

**SECOND COUNT**

41. Paragraphs 1 through 40 are hereby repeated and incorporated as if fully set forth herein.

42. On January 27, 2025, the Defendant incurred two (2) charges totaling $9,468.93 on Account 2 for goods and services.

43. Of the charges referenced in Paragraph 42, one (1) charge in the amount of $9,421.50 was incurred at Legend Jewelry and Gold in Bridgeview, IL.

44. All of the transactions referenced in Paragraph 42 were incurred within ninety (90) days of the filing of the bankruptcy petition.

45. Prior to incurring the transactions referenced in Paragraph 42, Account 2 had a zero balance.

46. By using Account 2, the Defendant agreed to be bound by the terms and conditions of the Account Agreement.

47. The terms and conditions of the Account Agreement between the Defendant and American Express call for minimum payment of the charges due on Account 2 upon receipt of the monthly billing statement.

48. Three (3) payments totaling $10,455.29 were submitted towards the transactions referenced in Paragraph 42 on January 29, 2025, February 2, 2025 and February 4, 2025. Two payments totaling $10,265.92 were returned by the bank.

49. Payments and credits are applied in accordance with the terms and conditions of the Account Agreement between American Express and the Defendant for Account 2.

50. Account 2 had a charge incurred by a supplemental card holder totaling $29.18. This charge is not included in the charges referenced herein and is not the subject of this Complaint.

51. Attached hereto as Exhibit "B" is the relevant portion of the account statements for Account 2 which reflect the charge activity alleged in this Complaint.

52. According to Schedule F of the Defendant's bankruptcy petition, she had $245,176.03 in unsecured, nonpriority debt, of which $153,171.03 appears to be credit/charge card debt.

53. According to Schedule I of the Defendant's bankruptcy petition, her current monthly net income totals $3,362.10.

54. According to Schedule J of the Defendant's bankruptcy petition, her current monthly expenses total $ $4,152.00; this figure does not include payment on any credit/charge card debt.

55. Therefore, based upon the figures disclosed in the Defendant's bankruptcy schedules, the Defendant was already unable to pay her living expenses and her credit/charge card debt when she made the charges on Account 2.

56. American Express asserts that, at the time the Defendant incurred the charges on Account 2, the Defendant's monthly expenses exceeded her monthly income by $789.90 and therefore, subjectively, the Defendant did not intend to honor her obligation to American Express to satisfy Account 2.

57. The Defendant used Account 2 for multiple charges on one (1) day.

58. The Account activity at issue in Exhibit "B" represents a sudden change in Defendant's buying habits for Account 2.

59. Each and every time the Defendant incurred a charge or transaction on Account 2, she was making an implied representation to American Express of her intent to repay the debt pursuant to the terms of the Account Agreement.

60. However, American Express avers that the Defendant obtained the goods and services on Account 2 through representations which she either knew were false or which were made with such reckless disregard for the truth as to constitute willful misrepresentation.

61. When the Defendant obtained goods and services as identified on Exhibit "B," she knew or reasonably should have known of her inability to repay the debt such that she was aware of the falsity of her representations to American Express.

62. The Defendant is financially sophisticated as evidenced by the fact that she owns a home, owns a vehicle, pays vehicle insurance, and has maintained and used multiple credit/charge card accounts.

63. The Defendant obtained the goods and services on Account 2 through representations which she either knew to be false or were made with such reckless disregard for the truth as to constitute willful misrepresentations.

64. The Defendant made the misrepresentations with the intention and purpose of deceiving American Express so that American Express would extend credit that would enable her to charge goods and services on Account 2.

65. At the time of posting the above-referenced charges to Account 2, the Defendant was a cardmember in good standing with American Express, such that, American Express justifiably relied on her misrepresentations as to her intent to repay.

66. As the proximate result of extending credit based on the Defendant's misrepresentations, American Express has sustained loss and damage in the amount of $9,279.56 on Account 2.

67. A portion of the balance on Account 2 in the amount of $9,279.56 was incurred by the Defendant with knowledge of her inability to repay it.

68. A portion of the balance on Account 2 in the amount of $9,279.56 was incurred by the Defendant without the intent to repay it.

69. A portion of the balance on Account 2 in the amount of $9,279.56 was obtained through false pretenses, a false representation, or actual fraud by the Defendant.

70. For the reasons above, a portion of the balance on Account 2 in the amount of $9,279.56 is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

71.     For the reasons above, the balance on Account 2 in the amount of $9,279.56 is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(C).

WHEREFORE, Plaintiff, American Express National Bank, prays this Honorable Court for a nondischargeable judgment pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(C) against Defendant, Baraah B. El-Haik aka Baraah El Haik, in the amount of $9,146.03 on Account 1; and a nondischargeable judgment pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(C) against Defendant, Baraah B. El-Haik aka Baraah El Haik, in the amount of $9,279.56 on Account 2; for a total nondischargeable judgment in the amount of $18,425.59, plus reasonable attorneys' fees and costs, and for any such further relief as the Court may deem appropriate.

Respectfully submitted,
Attorneys for Plaintiff

Dated:  06-09-2025            By: /s/ Christopher H. Purcell
                                  Christopher H. Purcell  ARDC #6244763
                                  Sherman & Purcell, LTD.
                                  P.O. Box 67
                                  Cary, IL 60013
                                  Telephone: (312) 372-1487
                                  Email: shermlaw13@aol.com